Whitaker, Judge,
delivered the opinion of the court:
This is a suit to recover what plaintiffs claim is their proportionate part of the proceeds of the sale of certain lands in Minnesota. The defendant has paid to them what it thinks is their proper proportion, but plaintiffs say they are entitled to a larger proportion than has been paid them.
The act of July 15, 1870, which amends the act of March 3, 1863 providing for the sale of these lands, specified that the proceeds of the sale “shall be distributed and paid equitably to the said Indians in proportion to their numbers * *
Of the total of $950,063.71 realized from the sale of the lands, the sum of $327,850.83 has been paid to plaintiffs, which is a little more than 34 percent. The bands entitled to share in these proceeds were the plaintiffs (the Medawakanton and Wahpakoota bands) and the Sisseton and Wahpeton bands. The reports of the Commissioner of Indian Affairs show that the plaintiff bands comprise about 33 percent of the total population of the four bands. In 1870 they comprised 32.7 percent of the total population; in 1871, 31.4 percent; in 1872 something over 30 percent. It would appear that the Indians have received their just proportion of the proceeds of the sale of these lands.
The plaintiffs, however, say that we are foreclosed from inquiring as to what is the proper proportion by reason of our decision in the case of Medawakanton and Wahpakoota Bands of Sioux Indians v. The United States, 57 C. Cls. 357. There is no basis for this contention. The decision in that *607 case is not res judicata here because the issue between the parties was not the same as the issue here. That suit was brought to recover the amount of certain annuities which had been forfeited previously. From the amount of annuities found to be due, the court was directed to set off any amount paid these four bands of Indians subsequent to abrogation of the treaties with them. Some of the items to be offset consisted of amounts paid to compensate for depredations committed by these four bands of Indians, payments of their debts to traders, payments to members of their tribe who had served in the forces of defendant as scouts and soldiers, and also payment for their support. The court took one-half of the total sum spent for the above purposes for the benefit of the four bands, and offset this amount against the amount due plaintiff bands for annuities.
The plaintiffs say that this was a determination that the plaintiff bands were entitled to one-half of whatever amount was payable to the four bands. This does not follow. The Act here in question expressly directed that the proceeds of the sale of these lands be distributed among the Indians according to population. The court in the case reported in 57 C. Cls. 357, was not proceeding under this statute or a similar one. So far as is known, there was no proof before the court in that case as to the population of the several bands, nor was this proof necessarily essential in order to determine the proportion of the aggregate payments to be charged against each band on account of most of the items mentioned above. Although the Sisseton and Wah-peton bands may have been more populous than the plaintiff bands, still, the plaintiffs may have committed more depredations, and plaintiffs may have been more heavily indebted to traders, and more of plaintiffs’ members might have been scouts and soldiers. The only item that has relation to population is the payments for support of the bands. No doubt, the greater the population of the different bands, the more was spent for their support. But it is evident from a reading of the opinion in that case that the court did not undertake to make a division according to the precise number of people in each band. It adopted the rough rule, under all the circumstances of that case, *608 of charging one-half to the plaintiff bands and one-half to the Sisseton and Wahpeton bands. Certainly, that did not amount to a determination of what was a proper division under an act requiring the division to be made “in proportion to their numbers.”
It would appear that the plaintiffs have been paid their due proportion of the proceeds of the sale of the lands in question and, therefore, they are not entitled to recover. Their petition will be dismissed. It is so ordered.
MaddeN, Judge; JoNes, Judge; Littleton, Judge; and Whaley, Chief Justice, concur.